I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: Nov. 24, 2008
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
NOV 24 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JOE A. HOUGHTON,
Petitioner,
v.
M.S. EVANS, Warden
Respondent.

Case No. CV 08-07556 RSWL (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Joe A. Houghton ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises four claims directed at Petitioner's 2004 conviction and related prison sentence of fifteen years to life plus one year in state prison that he sustained following a jury trial in the Los Angeles County Superior Court (No. VA078683). (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1/]

---

[1/] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take (continued...)

show Petitioner sustained his underlying conviction and sentence on September 13, 2004. (Pet. 2; Official records of California courts.) On direct review, Petitioner filed a timely appeal with the California Court of Appeal that affirmed the judgment and sentence on December 28, 2005. (Pet. 2-3.) The Petition and relevant state court records also establish that the California Supreme Court denied his petition for review on March 15, 2006, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 3; No. S140808; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, his judgment of conviction became final on June 13, 2006, the ninetieth day after his petition for review was denied by the California Supreme Court and the date his time for seeking review with the United States Supreme Court expired. *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court). The limitation period then started to run the next day, June 14, 2006, and ended a year later on June 13, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructive file the pending Petition until November 5, 2008[2/] -- 511 days after the statute expired. Therefore, the

---

[1/]   (...continued)
judicial notice of relevant state court records in federal habeas proceedings).

[2/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on November 17, 2008,
(continued...)

pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C. Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On March 8, 2007 -- 267 days after the one-year limitation period started to run on June 14, 2006 -- Petitioner constructively filed his first state habeas petition with

---

[2/] (...continued)
however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on November 5, 2008, the date he signed it. (Pet. 10.) Petitioner is not entitled to the benefit of the constructive filing date of his original federal habeas petition that he signed on May 6, 2008, because the petition was dismissed without prejudice as an unexhausted petition. (*See* No. CV 08-03264 RSWL (AN), Docket Nos. 7, 9.) In any case, as the following analysis makes clear, even with the benefit of the earlier filing date, the Petition is still untimely.

the Norwalk County Superior Court and, on April 20, 2007, the petition was denied, leaving 98 days remaining before the limitation period expired. (Pet. 4, Ex. C, No. VA078683; Official records of California courts.) Under AEDPA, Petitioner is not entitled to statutory tolling for this 267-day period, because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling from March 8, 2007, to April 20, 2007, the 43-day period during which his first state habeas petition was pending in the superior court. 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Statutory tolling for this time extended the limitation period from June 13, 2007, to July 26, 2007.

Petitioner then waited until May 15, 2008 -- another 391 days after the first state habeas petition was denied on April 20, 2007, to file his second state habeas petition with the California Supreme Court.

In *Chavis*, the United States Supreme Court recently held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Chavis*, 546 U.S. 198-99. In *Chavis*, the Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that

> California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id.*; *see also Waldrip v. Hall*, No. 07-55512, slip op. at 5-6 (C.D. Cal. Feb. 11, 2008) (adopting and interpreting *Chavis*' determination that an unjustified delay of more than six months is unreasonable).

Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Chavis*, 546 U.S. at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

Petitioner states he "never received a case number, nor response" to the first habeas petition that he filed in the superior court. (Pet. ¶6(a), Ex. C.) This statement does not justify or explain his 391-day delay in filing his second habeas petition with the state high court for the following reason. In accordance with the Court's authority to take judicial notice of relevant state court records in federal habeas proceedings, *see Smith*, 297 F.3d at 815, the Court contacted the Norwalk Superior Court and has determined that, on April 18, 2007, the superior court issued an order denying the first

state habeas petition ("4/18/07 Order") that was filed and mailed to Petitioner on April 20, 2007. A copy of the 4/18/07 Order is attached to this Order as Exhibit 1.[3] Under the circumstances, the Court finds Petitioner cannot justify or explain his inordinate delay. Indeed, even if Petitioner did not receive a copy of the superior court's 4/18/07 Order because it was lost in the prison mail room or never delivered to him shortly after it was mailed, Petitioner has not provided a reasonable explanation for his failure to inquire about the status of his first state habeas petition within a reasonable time after he constructively filed it. In this regard, Petitioner also fails to explain why he found it was appropriate to file his second habeas petition with the state high court 391 days after his first state habeas petition was denied on April 20, 2007, even though he still had not ostensibly received any response from the superior court. *See Chavis*, 546 U.S. at 198-99; *compare In re Stankewitz*, 40 Cal. 3d 391, 396-97 n.1 (1985) ("Assuming that . . . the delay was substantial," petitioner met his burden of showing circumstances sufficient to justify the delay.) Consequently, the Court finds statutory tolling is unwarranted for the 391-day period running from April 20, 2007, to May 15, 2008. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Chavis*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Waldrip*, No. 07-

---

[3] The Court notes the 4/18/07 Order is four pages in length and the first page of the Order correctly identifies Petitioner's name in the case caption and first sentence, and it bears the correct case number assigned to his first state habeas petition. Further, the substance of the order, including, *inter alia*, the date of conviction, the nature of offense, and the length of sentence, accurately summarizes Petitioner's conviction and sentence in the trial court. However, the last sentence of the 4/18/07 Order erroneously refers to Petitioner as "Mike Bush." (Ex. 1 at 4:1-2.) The Court finds this error appears to stem from the superior court's use of a prior order as a form and its coterminous oversight in revising the order.

55512, slip op. at 5-6; *see e.g., Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (eighty-eight day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139 day delay unreasonable).

Therefore, the second habeas petition in the state high court was constructively filed after the statute of limitation period expired, and has no tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Accordingly, the Petition is untimely by 468 days (the amount of untolled time between the new limitation deadline (07/26/07) and the Petition's constructive filing date (11/05/08)).

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is

newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attached exhibits do not set forth any facts that show Petitioner is entitled to relief under this provision.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

**E. Equitable Tolling**

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is.").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

The face of the Petition and attachments do not set forth any facts showing Petitioner is entitled to equitable tolling. However, even assuming, without finding, his explanation for statutory tolling were also raised in support of equitable tolling, the explanation would not entitle Petitioner to equitable tolling for the same or similar reasons. (*See* Section II.C.)

**ORDER**

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **December 15, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///

///

///

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: November 23, 2008

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

FILED
LOS ANGELES SUPERIOR COURT

APR 20 2007

JOHN A. CLARKE, CLERK
Gina M. Black
BY GINA M. BLACK, DEPUTY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>vs.<br>JOE ALFREDO HOUGHTON,<br>Defendant. | Case No.: VA 078683 |
| JOE ALFREDO HOUGHTON,<br>Petitioner,<br>vs.<br>EVANS, WARDEN<br>Respondent. | ORDER |

On or about March 13, 2007, Defendant-Petitioner JOE ALFREDO HOUGHTON ("Defendant") filed a Petition for Writ of

Exhibit 1

Habeas Corpus. The People have not filed a response. Defendant claims that he is entitled to because: (1) the prosecution "illegally suppressed petitioner's statements"; and, (2) trial counsel failed to present evidence of a toxicology report showing that the victim was under the influence of PCP at the time of the murder. After considering the Motion, including attachments, the records and files in the case, the court HEREBY RULES AS FOLLOWS:

PERTINENT FACTS

1. On or about November 10, 2003, an Information was filed alleging that defendant had committed one count of murder, two counts of making terrorist threats and special allegations regarding the use of a dangerous or deadly weapon. On or about July 19, 2004, Defendant proceeded to trial.

2. On or about July 22, 2004, the prosecution objected to any evidence regarding PCP. The court sustained the prosecution's objection and refused to permit evidence of PCP.

3. On or about July 23, 2004, the Defendant presented evidence. That same day, the prosecution and defense stipulated regarding the contents of a taped conversation between defendant and an investigator.

4. On or about July 27, 2004, the jury found defendant not guilty of first degree murder, guilty of second degree murder and guilty of only one of the two counts of criminal threats. With respect to the murder charge, the jury found that the defendant had personally used a dangerous and deadly weapon, namely a knife.

5. On of about September 13, 2004, the court sentenced Defendant to 16 years to life in prison, representing 15 years to life in prison on count one followed by one year based upon Defendant's personal use of a knife. The court further sentenced defendant to the midterm of two years in state prison on the criminal threats conviction, with the two years running concurrently to 16 years to life in prison.

6. Defendant appealed, and on or about April 11, 2006, the Court of Appeal affirmed defendant's convictions.

7. On or about March 13, 2007, Defendant filed this Petition for Writ of Habeas Corpus. Defendant claims that he is entitled to because: (1) the prosecution "illegally suppressed petitioner's statements"; and, (2) trial counsel failed to present evidence of a toxicology report showing that the victim was under the influence of PCP at the time of the murder.

DISCUSSION

A defendant seeking a writ of habeas corpus bears the burden of establishing the grounds for his release. People v. Duvall, (1995) 9 Cal.4th 464, 474. In this case, Defendant has made only vague allegations. Defendant has failed to state with particularity the facts upon which relief is sought and include copies of reasonably available documentary evidence supporting the claim. Id. To the extent Petitioner's claims are specific, Petitioner has failed to show a prima facie case entitling him to relief. In re Crow, (1971) 4 Cal.3d 613, 624. Further, all of defendant's claims could have been raised upon his direct appeal, but were not. In re Dean,

(1970) 12 Cal.App.3d 264, 267. Accordingly, Petitioner Mike Bush's Writ is HEREBY DENIED.

IT IS SO ORDERED.

Dated: April 18, 2007

JUDGE, LOS ANGELES SUPERIOR COURT